IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES HIAPO BOHOL, Fed. ID # 89137-022,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED STATES, UNITED STATES MARSHAL, (purported name Roman Bison,<br><br>　　　　Defendant.<br>_____ | CIV. NO. 10-00227 JMS/LEK<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT |

## **ORDER DISMISSING FIRST AMENDED COMPLAINT**

On April 20, 2010, Plaintiff James Bohol ("Plaintiff"), a federal prisoner proceeding pro se, filed this action alleging that he was injured in a van driven by a Deputy United States Marshal. Doc. 1. Based on Plaintiff's allegations, the court construed the action as brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. On April 26, 2010, the court dismissed the Complaint with leave granted to amend to name the United States as a Defendant and to show cause why his claims should not be dismissed as time-barred under the FTCA. Doc. 7 at 6.

Plaintiff filed a first amended complaint ("FAC") on June 2, 2010. Doc. 22. The FAC, unlike the original Complaint, invokes jurisdiction pursuant to

*Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971), but alleges the same facts as the original Complaint. For the reasons set forth below, the court DISMISSES the FAC for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff alleges that, on or about April 17, 2004,[1] while being transported to the airport from the Federal Detention Center-Honolulu ("FDC-Honolulu"), he was injured when Defendant Roman Bison, a Deputy United States Marshal, struck a curb in the FDC-Honolulu parking lot. FAC, Count I ¶ 3. Plaintiff claims that Bison struck the curb while speeding, causing Plaintiff to slam violently against the side of the van, and causing two other inmates to crush Plaintiff. *Id.* Plaintiff says he told jail staff about his injured neck and shoulders when he arrived at the San Bernadino County Jail later that day, was transferred to another facility "for other medical reasons[,]", complained again, but received no treatment.[2] *Id.* at 7A.

More than six years after this accident allegedly occurred, Plaintiff

---

[1] Plaintiff says the accident occurred on the "Saturday following April 15, 2004." FAC, Count I ¶ 3.

[2] In correspondence that Plaintiff submitted to the court before he filed his original Complaint, Plaintiff states that he filed a tort claim regarding these allegations but received no response. *See* Doc. 5. Plaintiff submitted a similar letter in his criminal action, Cr. 02-00525 HG. *See id.,* Doc. 616.

filed this action. Because Plaintiff failed to name the United States as Defendant and his claims appeared untimely, the Complaint was dismissed and Plaintiff was given notice and leave to amend to cure these deficiencies. Doc. 7. The FAC, filed on June 2, 2010, restates Plaintiff's FTCA claim and responds to the Order to Show Cause why Plaintiff's claims should not be dismissed as time-barred.

## II. **LEGAL STANDARD**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.*; 28 U.S.C. § 1915A(b)(1), (2). The failure to state a claim includes circumstances where a defense is complete and obvious from the face of the pleadings. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (applying former § 1915(d) now codified at 28 U.S.C. § 1915(e)(2)(B)).

Consideration of evidence outside of the complaint normally converts a motion to dismiss into a motion for summary judgment, and requires specific notice to the non-moving party, particularly in the case of pro se prisoner. *See*

*United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988); Fed. R. Civ. P. 12(d).  The court may consider a limited set of documents, however, without converting a Rule 12(b)(6) motion into a motion for summary judgment: documents attached to the complaint, documents incorporated by reference in the complaint, or matters that can be judicially noticed under Fed. R. Evid. 201.  *Ritchie*, 342 F.3d at 908; *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt.  *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001).  "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III.  **DISCUSSION**

**A.     The FAC is Brought Under the FTCA**

The FAC invokes jurisdiction under *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971).  In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers

alleged to have violated a citizen's constitutional rights." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1947 (2009). The Court held that monetary damages are available for injuries suffered as a result of federal officials' violations of the Fourth Amendment. *See Bivens*, 403 U.S. at 397. In doing so, the Court created a new constitutional tort applied to federal officers, and a federal counterpart to 42 U.S.C. § 1983. *See also Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (stating that *Bivens* actions are identical to actions brought pursuant to § 1983 "save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*"). The Supreme Court has since implied *Bivens* actions under the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14 (1980), and the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228 (1979). When appropriate, "Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Carlson*, 446 U.S. at 20; *W. Radio Servs. Co. v. United States Forest Serv.*, 578 F.3d 1116, 1124 (9th Cir. 2009). To state a *Bivens* claim, Plaintiff must allege that (1) a right secured by the Constitution of the United States was violated and (2) the alleged violation was committed by a federal actor. *See Van Strum*, 940 F.2d at 409.

      Plaintiff, however, does not allege civil rights violations under the United States Constitution. Instead, he simply repeats the tort claims that he set forth in his original Complaint -- that he was allegedly injured by a federal

employee's unsafe driving.  At most, these facts support a claim for gross negligence, which is not actionable under the Eighth Amendment, and therefore cannot state a claim under *Bivens*.  *See Farmer v. Brennan*, 511 U.S. 825, 835-36, 836 n.4  (1994).

Even if a claim may not be asserted under *Bivens*, however, a federal prisoner may pursue a remedy for personal injury due to the negligence or wrongful act of a federal employee under the FTCA.  *See* 28 U.S.C. §§ 1346(b), 2671-80; 28 C.F.R. §§ 542.10, 543.30.[3]  The court therefore liberally construes the FAC as asserting a claim under the FTCA.

**B.     The FAC is Dismissed for Lack of Subject Matter Jurisdiction**

The court may address a lack of subject matter jurisdiction *sua sponte*. *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("[I]nquiring whether the court has jurisdiction is a federal judge's first duty in every case.");

---

[3] The FTCA gives exclusive jurisdiction to the district over all civil actions.

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b); *FDIC v. Meyer*, 510 U.S. 471, 477 (1994).

Fed. R. Civ. P. 12(h)(3).  Plaintiff bears the burden of establishing subject matter jurisdiction.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  At the pleading stage, Plaintiff must allege sufficient facts to show a proper basis for the court to assert subject matter jurisdiction over the action.  *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

An FTCA claim requires that Plaintiff exhaust his administrative remedies before bringing suit.  28 U.S.C. § 2675(a).[4]  To proceed with a tort claim against the United States, Plaintiff must meet two requirements: (1) he must file a claim with the appropriate federal agency within two years of the claim's accrual; and (2) he must file suit within six months of administrative denial of the claim.  28 U.S.C. § 2401(b).[5]  This court lacks jurisdiction over Plaintiff's claim absent

---

[4] Specifically, 28 U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

[5] Title 28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is
> (continued...)

compliance with both of these requirements.  *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (finding that the requirement to file an administrative claim before filing an FTCA suit is jurisdictional);  *Marley v. United States*, 567 F.3d. 1030, 1038 (9th Cir. 2009) ("[W]e hold that the six-month statute of limitations in § 2401(b) is jurisdictional. . . .").  The exhaustion requirement is strictly construed because "[s]overeign immunity is an important limitation on the subject matter jurisdiction of federal courts.  The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250-1251 (9th Cir. 2006).  "[Courts] have repeatedly held that the exhaustion requirement [of the FTCA] is jurisdictional in nature and must be interpreted strictly . . . Any such waiver must be strictly construed in favor of the United States." *Id.*

   Plaintiff's claim accrued on April 17, 2004 when his alleged injury occurred.  *See Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008)

---

  [5](...continued)
    presented in writing to the appropriate Federal agency within two years
    after such claim accrues or unless action is begun within six months
    after the date of mailing, by certified or registered mail, of notice of
    final denial of the claim by the agency to which it was presented.

  Even though written in the disjunctive, the law is well established that a suit is time-barred unless a claim is filed with the agency within two years of accrual *and* the suit is not filed within six months of denial of the claim.  *See Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir. 1984).

(holding that a tort claim accrues when plaintiff knows or had reason to know of his injury). Plaintiff therefore had two years from that date to institute a claim for his injuries with the BOP. As noted in the April 26, 2010 Order Dismissing Complaint With Leave to Amend, Plaintiff admitted in documents filed concurrently with the original Complaint that "[a] tort claim was filed and no response came whatsoever. Not to me or my named representative." Doc. 5, letter dated April 11, 2010. *If* Plaintiff timely filed an administrative grievance concerning this accident within two years of April 17, 2004, or on or before April 17, 2006, and received no response by October 17, 2006, Plaintiff was then required to file an action in the district court within six months of that date, or on or before **April 17, 2007**. *See Marley*, 567 F.3d at 1035-36. The present action was filed more than three years past that date.

        In response to the order to show cause, Plaintiff alleges that the FDC-Honolulu has been delaying his mail to the court, and proffers April 8, 2010 as the date that he gave his original Complaint to prison authorities for mailing to this court. Plaintiff misapprehends the question. This court does not lack jurisdiction because the original Complaint may have taken several extra days to be received from FDC-Honolulu -- it lacks jurisdiction because Plaintiff failed to act within the time limits set forth in the FTCA. *See* 28 U.S.C. § 2401(b) (providing that a tort

9

claim "shall be forever barred" unless it is presented "within two years after such claim accrues"); *Goodman v. United States*, 298 F.3d 1048, 1053 (9th Cir. 2002) ("A district court does not have jurisdiction to hear a tort claim against the United States unless the claimant files a complaint in federal court within six months after final agency decision.").

Moreover, even if the FDC-Honolulu has consistently delayed *all* of Plaintiff's mail, including putative mail containing an administrative grievance to the BOP, this argument is unavailing. Plaintiff admits that he was moved from FDC-Honolulu the same day that he was allegedly injured to a Mainland facility. He does not explain why he was unable to pursue his claim, either with the BOP or in court, when he was not incarcerated at the FDC-Honolulu. Additionally, even if Plaintiff is alleging that the BOP consistently thwarted his attempts to file a claim or FTCA action regardless in which facility he was housed, here or on the Mainland, Plaintiff does not explain why he was unable to file an action during the more than six months that he was released from incarceration between February and November 2007. *See* Cr. No. 1:02-cr-00523 HG.

Significantly, "the six-month statute of limitations in § 2401(b) is jurisdictional and . . . failure to file a claim within that time period deprives the federal courts of jurisdiction." *Marley*, 567 F.3d at 1038. As such, the doctrines of

10

equitable tolling and estoppel do not apply to suits filed pursuant to the FTCA.  *Id.*  Because this court lacks jurisdiction over this FTCA action, the FAC is DISMISSED with prejudice.

## IV.  CONCLUSION

IT IS HEREBY ORDERED that:

1.  Plaintiff's First Amended Complaint is DISMISSED for lack of jurisdiction and failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Because amendment to this action is futile, this dismissal is with prejudice.

2.  Plaintiff is notified that this dismissal shall constitute a strike pursuant to 28 U.S.C. § 1915(g).

3.  The Clerk of Court is DIRECTED to terminate this action and close the file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 17, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Bohol v. United States Marshal*, Civ. No. 10-00227 JMS/LEK; Order Dismissing First Amended Complaint; psas\Screening\ dmp\ 2010\Bohol 10-227 JMS (fac)